JAMES W. CHAPMAN *vs.* GEORGE COFFIN.

The question, whether a workman, employed for a certain time, was justified by his employer's treatment in leaving him before its expiration, is for the jury.

A master cannot, for the purpose of justifying his treatment of his servant, introduce evidence of information received by him from a third person about the servant's conduct.

Evidence that a witness has stated that he had testified in court for the defendant, but thought if the case was tried again, he should testify for the plaintiff, is admissible to impeach his credit, after he has said on cross-examination that he has no recollection of making such statements.

An order for goods, not payable in money, nor accepted, is payment only of the amount actually received upon it.

A jury returned a sealed verdict for the plaintiff, but assessed no damages, and upon the opening of the verdict were directed to retire and assess damages, and did so, as they answered to a question of the court, according to the rule (which was correct) understood by them before first bringing in the verdict. *Held*, that the defendant had no ground of exception.

ACTION OF CONTRACT upon an account annexed, for work and labor for four months, deducting $15.48 received on an order from the defendant.

At the trial in the court of common pleas in Essex, before *Briggs*, J., at March term 1859, the plaintiff introduced evidence tending to prove a contract with the defendant, " by which he should work for him by the month at $16 a month, with the right on his part to leave at his pleasure." The defendant offered evidence that by the contract " the plaintiff was to labor for the term of six months, and, if he left before the expiration of the six months, was to receive no pay." The plaintiff contended that, if there was a special contract, his treatment was such that he was not bound to stay ; and much testimony was introduced of his manner of doing his work, and of his

treatment by the defendant. The defendant requested the judge to instruct the jury that, as matter of law, if the special contract was proved, there was no justifiable cause upon the evidence for the plaintiff's leaving, without the defendant's consent. But the judge submitted this question to the jury.

The defendant, " for the purpose of showing whether he had reasonable cause to find fault with the plaintiff," offered evidence of information received by him from his wife about the plaintiff's conduct. But it was excluded.

Haskell, a witness for the defendant, testified to the special contract, and to the conduct of the plaintiff and his manner of performing his work ; and on cross-examination said that he had no recollection of having said, in the defendant's absence, " that he had testified at court on the defendant's side, but, if called again to testify, he thought he should testify on the plaintiff's side." The plaintiff was permitted, against the defendant's objection, for the purpose of discrediting Haskell, to prove that he had said so.

The plaintiff received from the defendant an order upon a tradesman for $50 ; upon which he obtained $15.48 in clothing, and credited the defendant with it. The defendant contended that the order not being cancelled, and the balance still remaining in the hands of the drawee, the defendant should be allowed its full amount. But the judge instructed the jury that, there being no further explanation of the order, the plaintiff could only be charged with so much as he had received.

The jury retired to consult upon their verdict, and after they had been out some time, the judge directed the officer to tell them to seal up their verdict when they should agree, and adjourned the court. The next morning the jury came in, and rendered a sealed verdict for the plaintiff, assessing no damages The judge, against the objection of the defendant, directed the jury to retire and assess damages ; which the jury did, and rendered a verdict for the plaintiff for the amount of his account and interest from the date of the writ. When the jury came in first, the foreman, in answer to an inquiry from the court, said that the jury found that there was a special contract, but that

the plaintiff had sufficient cause for leaving the defendant. When they came in the second time, the foreman said that, before they separated the night before, they concluded the plaintiff's damages would be the amount of his account and interest from the date of the writ. The defendant objected to all the proceedings subsequent to their rendering the sealed verdict. But the court overruled his objections. The defendant excepted.

*D. Saunders, Jr.* for the defendant.

*H. Carter,* for the plaintiff.

MERRICK, J. It appears to us that the question whether the plaintiff had justifiable cause for leaving the service of the defendant was properly left to be determined by the jury upon the evidence submitted to them.

The evidence of the declarations of Haskell, though perhaps of slight importance, had some tendency to impeach his credit, and was therefore properly admitted; leaving it to the jury to judge of its effect.

It does not appear that the order was payable in cash, or that it had been accepted; and therefore the plaintiff properly credited the amount only which he received upon it.

There was no such irregularity in the proceedings of the jury in finding their verdict, as makes it necessary to interfere with or disturb it. *Exceptions overruled*